IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BOBBIE JO CONNER, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:17-cv-00412 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| D.R. PALMER, | ) |     United States District Judge |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

Bobbie Jo Conner, a prisoner proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983 against Correctional Officer ("C/O") Palmer. Conner claims: (1) C/O Palmer used vulgar language towards Conner on an overhead speaker; 2) C/O Palmer balled up a piece of paper and threw it at Conner in an aggressive manner, stating "this is what I think of you and your goddamn charge"; and 3) C/O Palmer told Conner that C/O Palmer would not intervene if Conner got into a fight because Conner "needs her ass whooped." Conner's claims will be dismissed sua sponte for failure to state a claim upon which relief may be granted and/or as frivolous.

I. Standard of Review

Title 28 U.S.C. § 1915A(a) requires initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Pleadings of self-represented litigants are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean that the court can ignore a clear failure in pleadings to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

Rule 8(a) of the Federal Rules of Civil Procedure states, in part, that "[a] pleading that states a claim for relief must contain ... (2) a short and plain statement of the claim showing that

the pleader is entitled to relief." "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." *Rowe Price–Fleming Internation, Inc.*, 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id.* It requires the plaintiff to articulate facts that, when accepted as true, show that the plaintiff has stated a claim entitling him to relief. *See Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557).

## II. Discussion

### A. Verbal Harassment

Conner complains that C/O Palmer: called Conner names, used abusive language regarding Conner's written complaints, crumpled Conner's paper and threw it at Conner, informed Conner that C/O Palmer will not protect Conner in the event of a fight, and C/O Palmer told Conner that Conner deserves to be beaten up. The use of vile or vulgar language is not a basis for a § 1983 claim. Comments that may constitute verbal abuse or harassment by themselves do not rise to the level of an Eighth Amendment violation. *See Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979), cited favorably in *Moody v. Grove*, 885 F.2d 865 (4th Cir. 1989) (table) (stating that as a general rule verbal abuse of inmates by guards, without more, does not state a constitutional claim). The Constitution does not "protect against all intrusions on ones peace of mind." *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991). Verbal harassment or idle threats to an inmate, even to an extent that it causes an inmate fear or emotional anxiety do not constitute an invasion of any identified liberty interest. *See Emmons v. McLaughlin*, 874 F.2d 351, 354 (6th Cir. 1989) (stating verbal threats causing fear for plaintiff's life not an infringement

of a constitutional right); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (calling an inmate an obscene name did not violate constitutional rights); *Lamar v. Steele*, 698 F.2d 1286 (5th Cir. 1983) ("Threats alone are not enough. A [§] 1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation."). Using abusive language is reprehensible and unprofessional. It does not, however, form the basis for a § 1983 claim.

**B. Excessive Force**

The Eighth Amendment's prohibition on cruel and unusual punishment forbids the malicious and sadistic infliction of pain on prisoners. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). However, Conner's allegations fail to demonstrate the requisite intent or that C/O Palmer inflicted any injury or pain.[1] Therefore, Conner fails to state an Eighth Amendment claim.

### III. Conclusion

As the court cannot conceive of a constitutional claim that can be conceived on these facts, the court will dismiss Conner's frivolous complaint with prejudice.

Entered: October 4, 2018

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[1] Conner is also inconsistent in whether C/O Palmer even hit her with the paper. In all but one of her administrative grievances, C/O Palmer threw the paper out of the control room and not at Conner. Verified Statement at 6, 10, 12, 14 (paper ball thrown out of control center); *id.* at 2 (paper thrown at Conner).